UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 09-10148-JLT

UNITED STATES OF AMERICA

v.

FREDERICK ALLEN
KIMBERLEE ALLEN

**MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION FOR BILL OF PARTICULARS
(DOCKET ENTRY # 18)**

**August 7, 2009**

**BOWLER, U.S.M.J.**

Pending before this court is a motion for a bill of particulars filed by defendants Frederick and Kimberlee Allen ("defendants").  (Docket Entry # 18).  Defendants request the names, addresses and telephone numbers of any unindicted coconspirators known to the government as well as all available information regarding any unindicted coconspirators not known to the government.

The motion is not well taken.  A motion for a bill of particulars, which is "seldom employed in modern practice," is allowed "only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause."  U.S. v. Sepulveda, 15 F.3d 1161, 1192-1193 (1st Cir. 1993); accord United States v. Abreu, 952

F.2d 1458, 1469 (1st Cir. 1992) (function of bill "is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy"); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); see also Wong Tai v. United States, 273 U.S. 77 (1927).  A bill should only be granted when the indictment is so vague that it does not comply with these purposes.  United States v. Bloom, 78 F.R.D. 591, 599 (E.D.Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985).  Moreover, an indictment is ordinarily sufficiently detailed "'if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which [the defendant] must defend, and enables [the defendant] to plead double jeopardy in bar of future prosecutions for the same offense.'"  U.S. v. Poulin, 588 F.Supp.2d 64, 66 (D.Me. 2008) (quoting United States v. Sepulveda, 15 F.3d at 1192).

The decision to grant or deny a request rests with the sound discretion of the trial court.  U.S. v. Abreu, 952 F.2d at 1469 ("grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge"); accord United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989).  A defendant is not entitled to recover evidentiary matters by filing a motion for a bill of particulars.  See United States v. Johnson, 504

F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Sandler, 462 F.2d 122 (6th Cir. 1972); United States v. Wolfson, 413 F.2d 804, 808 (2nd Cir. 1969) (identity of persons present at time of offense).

In addition, the government represents that it provided defendants' counsel with four boxes of discovery in June 2009. The government also states that it provided defendants' counsel with all correspondence that defendants sent to the Internal Revenue Service referencing various individuals and organizations that encouraged their followers not to pay taxes. Defendants therefore have all the available information that the government possesses regarding the identities of any potential coconspirators. See U.S. v. Nelson-Rodriguez, 319 F.3d 12, 30-31 (1st Cir. 2003) (affirming denial of bill of particulars and noting that "Nelson had access during discovery to recordings of conversations between him and other conspirators discussing the importation of cocaine" and thus did not "lack a fair opportunity to prepare a defense absent a bill of particulars").

Thus, while the bill requested by defendants may be helpful in preparing a defense, it is not necessary. Defendants fail to adequately demonstrate that their own investigation based on the evidence available to them would not be sufficient to prepare an adequate defense, see United States v. Belardo-Quinones, 71 F.3d

3

941, 943-944 (1st Cir. 1995) (upholding denial of bill of particulars while noting that indictment contained enough information for the defendant to prepare a defense and the record showed no attempts by the defendant to obtain the requested information independently), or to protect them from prejudicial surprise at trial.

                                                /s/ Marianne B. Bowler  
                                                **MARIANNE B. BOWLER**  
                                                United States Magistrate Judge